**Pardeep Singh CHEEME, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–76084.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.[*]

Filed July 6, 2009.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Justin M. Nicholson, Esq., U.S. Department of Justice, Atlanta, GA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Pardeep Singh Cheeme, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Singh v. Gonzales,* 439 F.3d 1100, 1111 (9th Cir.2006). We deny in part, and grant in part, the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Cheeme's asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales,* 479 F.3d 646, 656–58 (9th Cir. 2007) (per curiam). Accordingly, his asylum claim fails.

As to the withholding of removal and CAT claims, substantial evidence does not support the agency's adverse credibility determination because Cheeme did not testify inconsistently with his asylum application about whether police asked him for the names of other party members during his first arrest, *see Singh,* 439 F.3d at 1105–06; the discrepancies with respect to the date of Cheeme's third arrest are minor and do not go to the heart of his claim, *see Wang v. INS,* 352 F.3d 1250, 1253 (9th Cir.2003); and Cheeme was not given the opportunity to explain some of the other inconsistencies identified by the IJ as the basis for his credibility determination, *see Singh,* 439 F.3d at 1105.

Accordingly, we remand the withholding and CAT claims to permit the agency to reconsider its adverse credibility determination. *See Soto–Olarte v. Holder,* 555 F.3d 1089, 1095 (9th Cir.2009); *see also INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.